IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-160-RAH-JTA |
| | ) | |
| WALMART, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is *pro se* Plaintiff Omar Antionio Lopez's Third Amended Complaint. (Doc. No. 33.) [1] Because Plaintiff is proceeding *in forma pauperis*, the court must review his complaint under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

For the reasons stated below, the undersigned recommends this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    JURISDICTION

The court exercises jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under 42 U.S.C. §§ 1985 and 1986. (Doc. No. 33 at 2.)

---

[1] This case was referred to the undersigned for further proceedings. (Docs. No. 4, 11, 15, 18.)

## II.    PROCEDURAL HISTORY AND RELEVANT FACTS

On March 12, 2026, Plaintiff filed his original complaint and a motion to proceed *in forma pauperis*. (Docs. No. 1, 2.)[2] On March 23, 2026, Plaintiff filed his First Amended Complaint against Defendant Walmart, Inc., and America's Car-Mart, Inc. (Doc. No. 5.) The court granted Plaintiff's motion to proceed *in forma pauperis* and reviewed Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). (Docs. No. 12, 22.) The court concluded Plaintiff's complaint failed to satisfy Federal Rule of Civil Procedure 8(a)(2) and ordered Plaintiff to file an amended complaint. (Doc. No. 22.)

On May 26, 2026, Plaintiff filed a motion for leave to file an amended complaint, which the undersigned granted. (Docs. No. 30, 31.)[3] On June 8, 2026, Plaintiff filed another motion for leave to amend (Doc. No. 33), which the undersigned granted on today. In Plaintiff's most recent complaint, he alleges Defendant Walmart, Inc. and Michael Slovak "engaged in a critical, targeted conspiracy . . . to intentionally deprive Plaintiff of the equal protection of the laws and his inherent personal liberties." (Doc. No. 33 at 2.) Plaintiff further alleges Defendant Slovak, "acting as an operational manager, fabricated a false, pretextual accusation of 'account sharing' to execute a sudden and permanent lockout, intentionally targeting Plaintiff's personal stability." (*Id*.) Plaintiff maintains Defendant Walmart "had explicit knowledge of the targeted wrongs being conspired and committed

---

[2] Plaintiff's original complaint sought $94,000,000 from the State of Alabama for an alleged RICO violation stemming from "biohazard conditions." (Doc. No. 1 at 1.)

[3] In this complaint, Plaintiff brought a breach of contract claim against Defendant Walmart, Inc. and a negligence claim against Defendant Michael Kyle. (Doc. No. 30 at 6–7.)

by its management, yet neglected, refused, and failed to aid in preventing the deprivation of Plaintiff's rights[.]" (*Id*. at 2–3.)

From these facts, Plaintiff alleges Defendants violated 42 U.S.C. §§ 1985 and 1986. Plaintiff seeks $7,700,000 in compensatory damages from each Defendant. (Doc. No. 33 at 3.)

## III.   DISCUSSION

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

3

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading[.]" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

In its current state, Plaintiff's amended complaint fails to state a claim to relief that is plausible on its face. Plaintiff alleges both Defendants violated 42 U.S.C. § 1985(3). (Doc. No. 33 at 2.) To state a claim under 42 U.S.C. § 1985(3), "a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010). A section 1985(3) conspiracy must be "motivated by a racial or otherwise class-based, invidiously discriminatory animus." *Cooksey v. Waters*, 435 F. App'x 881, 883 (11th Cir. 2011) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Additionally, when bringing a § 1985(3) claim

4

against private conspirators, the Supreme Court "has expressly declared" the only enforceable rights "are the right to interstate travel and the right against involuntary servitude." *Jimenez*, 596 F.3d at 1312 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)). Here, Plaintiff does not allege the conspiracy was motivated by a racial or class-based animus. Furthermore, Plaintiff does not allege which of his rights Defendants conspired to violate. Construing Plaintiff's complaint liberally, it appears he may be alleging Defendants conspired to violate his property and/or contract rights, but such rights are insufficient to form the basis of a § 1985(3) claim. *See Id*. at 1312 ("[W]e hold conspiracies to violate rights protected under § 1981 [contract and property rights] are likewise insufficient to form the basis of a § 1985(3) claim."); *Cooksey*, 435 F. App'x at 883 ("[C]onspiracies to violate property and contract rights, though protected under § 1981, are insufficient to form the basis of a § 1985(3) claim against a private actor."). Accordingly, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1985(3).

Plaintiff also attempts to bring a § 1986 claim against Defendant Walmart for neglecting and failing to prevent the deprivation of his rights. (Doc. No. 33 at 3.) "A section 1986 claim is derivative of a § 1985(3) violation and thus requires the existence of a § 1985(3) conspiracy." *Barth v. McNeely*, 603 F. App'x 846, 850 (11th Cir. 2015). Because Plaintiff has failed to sufficiently state a § 1985(3) conspiracy, his claim under § 1986 likewise fails. *See id*. (affirming dismissal of § 1986 claim because the plaintiff failed to sufficiently state a § 1985(3) claim when he did not allege discriminatory animus).

Accordingly, Plaintiff's amended complaint fails to state a claim upon which relief can be granted and is thus due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.    CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS the following:

1.    Plaintiff's claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that, on or before **July 7, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

6

DONE this 22nd day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE